UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. G. CANDLER,<br><br>            Plaintiff,<br><br>    v.<br><br>ABRAM CARO,<br><br>            Defendant. | No. 1:24-cv-00301-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 13) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed June 7, 2024. (ECF No. 13.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

"seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Defendant Abram Caro was the bailiff in the courtroom on the day that Plaintiff was being sentenced in state court. It was the first time Plaintiff observed officer Caro working as the bailiff. Caro placed Plaintiff into a holding cell that had four general population inmates in it. However, Plaintiff was supposed to be placed in protective custody. Caro failed to label the door reflecting Plaintiff's classification requirement. Plaintiff was subsequently attacked by inmates while in the holding cell.

## III.

## DISCUSSION

### A. Other Inmates as Defendants

Plaintiff names "S1" and "S2" inmates as Defendants and seeks liability against them based on the alleged assault. (ECF No. 13 at 3.)

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. See 42 U.S.C. § 1983; Manuel v. City of Joliet, Ill., 580 U.S. 357 (2017). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149 (9th Cir. 2011) (citing Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003)); Soo Park v. Thompson, 851 F.3d 910, 921 (9th Cir. 2017). "The 'under color of law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." Chudacoff, 649 F.3d at 1149, (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982)).

Courts have consistently rejected attempts by prisoner plaintiffs to sue fellow inmates under § 1983. See, e.g., Jackson v. Foster, 372 F. App'x 770, 771 (9th Cir. 2010) (concluding that "the district court properly dismissed Jackson's excessive force claim because [fellow] inmate ... did not act under color of state law under any formulation of the governmental actor tests"); see also Gettimier v. Burse, 2015 WL 75224, at *5 n.3 (E.D. Mo. Jan. 6, 2015) ("The fact that a fellow inmate is not a 'state actor' for purposes of § 1983 litigation is so fundamental as to not require citation."); Rigano v. Cty. of Sullivan, 486 F. Supp. 2d 244, 256 n.15 (S.D.N.Y. 2007) ("It is well-established that a § 1983 claim is only cognizable against a state actor and not a fellow inmate."). Accordingly, Plaintiff cannot succeed in stating a section 1983 claim against fellow inmates in this case as inmates are not state actors.

### B. Failure to Protect

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

"[P]retrial detainees ... possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). "If a plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment." Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied upon in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

The elements of a pretrial detainee's failure to protect claim under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved; and (4) by not taking such measures, the defendant caused plaintiff's injuries. Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a ... failure-to protect claim." Id. at 1070. A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more than negligence but less than subjective intent – something akin to reckless disregard." Id. at 1071.

Here, the second amended complaint does not allege that the officer Caro was aware that the inmates in the holding cell might attack Plaintiff, yet made an intentional decision to place Plaintiff in the same cell with those inmates. Further, the second amended complaint fails to sufficiently allege facts showing that that by being temporarily placed in the holding cell with other inmates at the Visalia County Jail, Plaintiff was subjected to a substantial risk of suffering serious harm, that the officer failed to take reasonable steps to abate that risk, that a reasonable deputy in officer's position would have appreciated a high risk of harm under the circumstances, and that by not taking such measures, the officer caused Plaintiff's injuries. See Castro, 833 F.3d at 1071. Plaintiff's conclusory allegations that officer Caro failed to place a label on his cell door is insufficient to state a plausible Fourteenth Amendment claim. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Even if it is assumed that officer Caro was somehow negligent in his actions, such allegations do not give rise a claim under the Fourteenth Amendment. Castro, 833 F.3d at 1071. Therefore, Plaintiff has failed to state a cognizable failure to protect claim in violation of the Fourteenth Amendment.

### C.  Further Leave to Amend

In light of the fact that the Court informed Plaintiff previously of the relevant legal standards governing his claims and he has failed to cure the pleading deficiencies, further leave to amend would be futile. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

///

5

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 29, 2024**

UNITED STATES MAGISTRATE JUDGE